SHAWN FREEL *v.* MURPHY'S BOAT YARD, INC.
(7842)

DUPONT, C. J., SPALLONE and NORCOTT, Js.

Argued February 15—decision released March 1, 1990

*David M. Bohonnon,* with whom, on the brief, were *R. William Bohonnon* and *K. Wynne Bohonnon,* for the appellant (plaintiff).

*William F. Gallagher,* with whom were *Cynthia C. Bott* and, on the brief, *Joseph B. Buckley,* for the appellee (defendant).

PER CURIAM. The plaintiff, who was the owner of a fishing boat, filed an action in negligence against the defendant boatyard. He stored his boat, while he was restoring it, in the defendant boatyard but had not prepaid an annual storage charge of $520. The defendant claims that it filed a storage lien on the boat pursuant to General Statutes § 49-55, purchased it at auction for the amount of the storage charges and thereafter destroyed the boat because it had no value. The plaintiff claims that the boat was federally registered and not subject to General Statutes § 49-55 and therefore the defendant had no rights of ownership and no right to destroy the vessel.

The trial court made a factual finding that at the time it was destroyed the vessel had no ascertainable value. The trial court also found that the defendant's lien was valid, that the defendant had acquired title to the boat, and that the defendant was entitled to dispose of the boat. It further found that the boat did not qualify for federal registration as of the date of the defendant's lien. The plaintiff appeals from the judgment rendered for the defendant.

The court's factual determinations were supported by the evidence and will not be disturbed by this court. The legal conclusions drawn from the facts also should not be disturbed.

There is no error.